Cheshire,
No. 4902.

LORA I. STEVENS & a. v. WAYNE POLLEY.

Argued February 8, 1961.

Decided March 20, 1961.

*Cristiano & Kromphold (Mr. Kromphold* orally), for the plaintiffs.

*Faulkner, Plaut, Hanna & Zimmerman (Mr. Plaut* orally), for the defendant.

BLANDIN, J. The defendant first contends that there is no evidence of his negligence except for testimony as to his speed and that the Court erred in permitting the plaintiff Lora to characterize this as in excess of thirty-five miles per hour. An examination of the record discloses that she repeatedly testified, in response to questions as to how fast the defendant was traveling, that he was going "very fast . . . . At a very terrifically rate of speed," and that she noticed no decrease in his speed from the time she first saw him until the crash.

In reply to a question by her counsel as to "how many miles per hour he was going" she answered "He was going over thirty-five, I would say." In cross-examination, she reiterated her testimony that the defendant was traveling fast and said that she could not give "an exact statement" as to the rate. The defendant agrees that the latitude to be allowed plaintiff's counsel in this situation was for the Trial Court (*Berounsky* v. *Ogden,* 91 N. H. 424, 426), but argues that there is an abuse of discretion here. Viewing the record as a whole, we cannot say that the Court's action was clearly unreasonable, and it follows the exception to the question must be overruled.

As further bearing on the defendant's negligence, there was testimony that he had consumed a quantity of alcoholic beverage shortly before the accident and that his interest in his female seat companion was such that it might well have distracted his attention from his driving. In these circumstances, the issue of his due care was properly submitted to the jury.

We turn now to the defendant's contention that he was entitled to a nonsuit because the plaintiff violated the so-called "crossing statute" (RSA 263:33) under which the cases were submitted to the jury without objection. The statute in question reads: "The driver of any motor vehicle on any highway, approaching a crossing of ways, shall slow down and keep to the right of the intersection of the centers of both ways when turning either to the right or to the left." With reference to where the accident occurred, the defendant argues that it must be found as a matter of law to have been in the main traveled portion of his, the southerly, lane. In taking this position, he relies substantially upon the testimony of the plaintiff's husband Lawrence, claiming that this established the width of the south shoulder upon which his wife says she was parked, where the accident occurred, as three feet and two inches. The record plainly shows that Lawrence was confused between the

measurement of the width of the southerly shoulder and that of the distance between the north edge of this shoulder and certain gouge marks in the southerly lane of the traveled way. However, he stated unequivocally that the shoulder, at the point approximately opposite the gouge marks, was nine feet and ten inches wide and that the width of his car was approximately six feet.

The plaintiff Lora claims with reference to her position as to the roadside fence posts on the south side of Route 9: "I was as close as I could get to them," and "I was completely off the traveled" way. She added that she was stopped an appreciable time before the crash.

Pictures taken by the police on the same night shortly after the accident showed the plaintiff's car headed west and tipped on its left side, with its top apparently against the guard fence on the south side of Route 9. The defendant's car was some distance easterly on the same side, headed at an angle with its front end into the fence which was broken at this point. The right front wheel of his car lay about half on the main traveled way and half on the south shoulder nearly opposite and some six feet west, according to police measurements, of the front end of the Stevens automobile. A witness for the defense stated that brake marks showing on the road, in his opinion, were those of the defendant's car and that they and the gouge mark indicated the point of contact between the right front end of each car to have been about three feet north of the north edge of the southerly shoulder of the traveled way and in the defendant's lane.

The conflicting testimony was for the jury to resolve, and considering the record as a whole, including the plaintiff Lora's positive statement as to the locus of her car when it was struck and the position of both vehicles after the accident, it appears to us that reasonable persons could have believed Lora's testimony. *Wilson* v. *Bank,* 95 N. H. 113, 116. *Cf. Brown* v. *Mailhot,* 89 N. H. 240. It follows the defendant's contention that the plaintiff's car must have been found as a matter of law to have been in the traveled part of the way of his lane cannot prevail.

The defendant also argues that he was entitled to a directed verdict because the plaintiff was guilty of contributory negligence as a matter of law in the manner in which she turned across the road. The plaintiff, in regard to her actions in crossing Route 9 and immediately preceding the collision, testified that she put on her blinker signal and, seeing no traffic coming in either direction,

turned across the road. She continued: "After I made my turn, I realized that I had missed the intersection, because there was no lights there and it was very black . . . then I looked up and saw this car coming very fast toward me, and I knew I could make no other movement except stop, and I lined up by the post as close as I could get to it and waited . . . my car was in line with the fence posts [headed] directly west . . . I stopped and waited . . . . "

We have held that an error in judgment in turning across a road is not necessarily negligent. *Paradis* v. *Greenberg*, 97 N. H. 173, 175. In the light of all circumstances, it was unquestionably for the jury to say whether she violated RSA 263:33, the crossing statute, and if so, whether such violation was causal. *Paradis* v. *Greenberg, supra.* The defendant's exception, therefore, to the refusal of the Court to direct the verdict in his favor on this issue cannot prevail.

The defendant finally urges that the Court erred in refusing to charge the applicability of RSA 250:1, known as the Law of the Road, to the effect that if the plaintiff Lora violated this statute by failing seasonably "to turn to the right of the center of the traveled part of the road" and this was causal, then she was negligent and could not recover.

As bearing on whether the charge should have been given, the defendant points out that on the evidence most favorable to him, Lora was in his lane about a car length from the intersection at the moment of contact. This is true. However, the purpose of the statute is to regulate the conduct of persons meeting and passing each other. *L'Esperance* v. *Sherburne*, 85 N. H. 103, 105; see also, *Brooks* v. *Hart*, 14 N. H. 307. Here it is undisputed that Lora did not intend to pass the defendant, but to turn in front of him off the main road onto a side road. The defendant himself testified she "suddenly pulled square across in front of me." The fact that she was not precisely within "the point of intersection" as defined in *Gendron* v. *Glidden*, 84 N. H. 162, 166, but a car length from it, due to an error in judgment (*Paradis* v. *Greenberg*, 97 N. H. 173, 175), is not decisive. In enacting RSA 250:1, the Legislature intended to establish a practical rule relating to intersecting ways as it did by the more detailed language of RSA 250:3. See *Gendron* v. *Glidden, supra,* 166. On the facts before us, section 1, *supra,* the Law of the Road, has no application. *Berounsky* v. *Ogden*, 90 N. H. 334. The plaintiff was bound to use ordinary care in making her turn (*Powell* v. *Gagne*, 102 N. H. 256, 258), and the jury were properly so charged.

234

The rationale of *Brooks v. Hart*, 14 N. H. 307, relied upon by the defendant to prove a contrary proposition, is consistent with the principle of the *L'Esperance* decision, as that opinion states. *Id.*, 105. However the facts in the *Brooks* case are clearly distinguishable from those of *L'Esperance*, because in *Brooks* neither party had any intent or made any attempt to turn off the main highway onto a side road. It follows that the defendant takes nothing by his exception to the Court's refusal to submit the applicability of RSA 250:1 to the jury. This appears to dispose of all issues briefed or argued, and the order is

*Judgment on the verdicts.*

All concurred.